670 So.2d 136 (1996)
Aubrey DAVIS and Al Seiffert, Appellants,
v.
WASHINGTON COUNTY, a political subdivision of the State of Florida, and West Traco, Inc., Appellees.
No. 95-1849.
District Court of Appeal of Florida, First District.
March 20, 1996.
D. Michael Chesser of Chesser, Wingard, Barr, Whitney, Flowers & Fleet, P.A., Shalimar, for Appellants.
Gregory T. Stewart and Maureen McCarthy Daughton of Nabors, Giblin & Nickerson, P.A., Tallahassee, for Appellees.
*137 BOOTH, Judge.
This cause is before us on appeal from an order of the trial court denying Appellants' motion for summary judgment, granting Appellees' motion for summary judgment, and granting final judgment in favor of Appellees. We affirm.
In 1988, Appellee Washington County adopted an ordinance creating a special municipal service district for solid waste collection and disposal. The ordinance provided authority to impose a special assessment against all residences and businesses in the district to be used to fund the collection and disposal of the waste within the district. Washington County subsequently solicited bids for haulers to provide the services contemplated by the ordinance; West Traco was the lowest responsible bidder. On January 19, 1989, Washington County and West Traco entered into a contract giving West Traco the exclusive right and franchise to collect and dispose of all residential solid waste within the unincorporated areas of Washington County.[1]
Appellants filed the instant action against Appellees seeking, inter alia, a judgment declaring the contract between Washington County and West Traco null and void as violative of Florida's antitrust law. Following motions for summary judgment submitted by both parties, the trial court ruled in favor of Appellees, finding the contract did not violate federal or Florida antitrust law.[2]
The United States Supreme Court has held that a political subdivision may engage in anticompetitive conduct and be exempt from federal antitrust law if the conduct is an act of the state government as a sovereign "pursuant to state policy to displace competition with regulation or monopoly public service." City of Lafayette, La. v. Louisiana Power & Light Co., 435 U.S. 389, 413, 98 S.Ct. 1123, 1137, 55 L.Ed.2d 364 (1978).[3] When private parties are involved in the conduct, antitrust immunity exists where the following test is met: "First, the challenged restraint must be `one clearly articulated and affirmatively expressed as state policy'; second, the policy must be `actively supervised' by the State itself." California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc., 445 U.S. 97, 105, 100 S.Ct. 937, 943, 63 L.Ed.2d 233 (1980) (quoting City of Lafayette, supra).
We hold the trial court properly found that the challenged restraint by Washington County and West Traco met both prongs of the Midcal test. Part IV of Florida Statutes Chapter 403 titled Resource Recovery and Management, when read as a whole, provides a clearly articulated and affirmatively expressed state policy allowing counties to provide solid waste collection and disposal through contracts with private entities. See Town of Hallie v. City of Eau Claire, 471 U.S. 34, 105 S.Ct. 1713, 85 L.Ed.2d 24 (1985); Auton v. Dade City, Fla., 783 F.2d 1009 (11th Cir.1986). Section 403.706(16), Florida Statutes, as relied on by Appellants, does not negate that policy.[4] Further, the contracts and ordinances in question provide for active supervision of West Traco's actions by Washington County. See, e.g., Savage v. Waste Management, Inc., 623 F.Supp. 1505 (D.C.S.C.1985). Finding no error, we affirm.
WOLF and VAN NORTWICK, JJ., concur.
NOTES
[1] The contract between Washington County and West Traco was renewed and amended on July 24, 1994. Additional ordinances were passed to execute the contract.
[2] Under § 542.18, Fla.Stat., every contract, combination or conspiracy in restraint of trade or commerce in Florida is unlawful. However, any activity or conduct exempt from the provisions of federal antitrust law is also exempt from Florida antitrust law. § 542.20, Fla.Stat.
[3] See also 15 U.S.C. §§ 34-36 (1984) (prohibiting recovery of damages, costs, or attorneys' fees under 15 U.S.C. §§ 15, 15a or 15c from any local government, official or employee thereof acting in an official capacity).
[4] Appellant has not raised an argument that § 403.706(16), Fla.Stat., has been violated.